46241. PATTERSON v. DOUGLAS WOMEN'S CENTER,
P.C. et al.
(374 SE2d 737)

WELTNER, Justice.

1. Patterson filed suit in August, 1987, alleging medical malpractice. No expert's affidavit was filed contemporaneously with the action as required by OCGA § 9-11-9.1, although Patterson asserted in the complaint that a physician's affidavit was attached. After the statute of limitations had expired, the defendants moved to dismiss for failure to file the affidavit. Patterson then dismissed the action voluntarily and refiled it three months later. The trial court granted the defendants' motion for summary judgment, holding that the failure to comply with OCGA § 9-11-9.1 rendered the action void and incapable of renewal under OCGA § 9-2-61 (a).[1]

2. OCGA § 9-2-61 (a) provides for the renewal of actions within six months of their dismissal:

When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or, if permitted by the federal rules of civil procedure, in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

[1] Note that in *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988), we stated: "Had the failure to comply with new OCGA § 9-11-9.1 been brought to the appellant's attention at the time the appellee filed responsive pleadings, she could have dismissed the pending action, and filed a renewed action *before* the statute of limitations would have run." We did not, however, address the circumstance of this case, i.e., of renewing under OCGA § 9-2-61, *after* the statute of limitations has run.

3. We have held that this statute is remedial and is to be construed liberally. The "privilege" of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable. See generally *Cutliffe v. Pryse*, 187 Ga. 51, 54 (200 SE 124) (1938); *Keramidas v. Dept. of Human Resources*, 147 Ga. App. 820, 821 (250 SE2d 560) (1978).

4. We have delineated several deficiencies that render an action void, including actions that were filed and not served, *Acree v. Knab*, 180 Ga. App. 174 (348 SE2d 716) (1986) and actions in which the court lacks subject-matter jurisdiction.[2] *Keramidas v. Dept. of Human Resources*, 147 Ga. App. at 821. Our courts have held that actions in which venue was improper are not void, *Fowler v. Aetna Cas. & Surety Co.*, 159 Ga. App. 190 (283 SE2d 69) (1981) and that, on renewal, a plaintiff may make additional allegations or contentions. *Hornsby v. Hancock*, 165 Ga. App. 543 (310 SE2d 900) (1983). We do not construe the failure to file the required affidavit contemporaneously with the complaint as a failure that would render the complaint void *ab initio*.

Hence, the defendants' motion for summary judgment should have been denied.

*Judgment reversed. All the Justices concur, except Marshall, C. J., who dissents.*

DECIDED JANUARY 12, 1989.

*Walker & Manko, J. Stephen Manko, Reuben M. Word*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Earl W. Gunn, Suzanne M. Trexler, Glenn E. Kushel*, for appellees.

*Harman, Owen, Saunders & Sweeney, H. Andrew Owen, Richard L. Greene, James E. Butler, Jr., Thomas W. Bennett, Thomas Wm. Malone, Robert H. Benfield, Jr., Kathleen Kessler*, amici curiae.

---

[2] Defined as "jurisdiction of the class of cases to which that particular case belongs . . . . [I]f the pleadings state a case belonging to a general class over which the authority of the courts extends, then jurisdiction attaches and the court has power to hear and determine the issues involved." *Zeagler v. Zeagler*, 192 Ga. 453, 456 (15 SE2d 478) (1941), cited in *Keramidas*, supra at 822.