A91A1051. FINE v. HIGGINS FOUNDRY & SUPPLY COMPANY, INC.
(410 SE2d 821)

SOGNIER, Chief Judge.
David N. Fine filed an action in Fulton County against Higgins Foundry & Supply Company, Inc., seeking damages for personal injuries he incurred when the front wheel of the bicycle he was riding on a public road slipped through the spaces in a grate manufactured and installed by Higgins. Fine voluntarily dismissed his action and refiled the renewal action in Cobb County within six months pursuant to OCGA § 9-2-61 (a). The trial court dismissed the renewed complaint on the ground that the action was barred by the statute of limitation and laches, and Fine appeals.

The record reveals that the original complaint was filed in Fulton County on July 8, 1988, two days before the expiration of the applicable statute of limitation. Appellant was apparently unaware that appellee had changed its registered agent two years before the complaint was filed, as evidenced by a copy of appellee's corporate annual registration for 1987, included in the record, and unsuccessfully sought service on appellee's former registered agent. Service was not accomplished upon appellee until January 13, 1989, more than six months after the complaint was filed, when appellee's current regis-

tered agent, who lived in Cobb County, was served with the Fulton County complaint by second original. Appellee answered but raised no affirmative defenses. On the scheduled trial date, appellee filed an amendment to its answer raising for the first time the affirmative defenses of statute of limitation and laches. Appellant dismissed the action on the same day and, pursuant to OCGA § 9-2-61, filed the renewal action sub judice in Cobb County within six months of the dismissal of the original action. Appellee was served promptly in the renewal action and filed a timely answer raising as affirmative defenses the statute of limitation and laches with regard to the first action. Seven months after filing its answer to the instant action, appellee filed a motion captioned "Motion to Hear Defenses Prior to Trial," and following a hearing the trial court entered an order dismissing the renewed complaint because it found that appellee's affirmative defenses were meritorious.

1. Appellant contends the trial court erred by ruling that appellee could raise in this action the defenses of the statute of limitation and laches as to the first action.

(a) Pursuant to OCGA § 9-2-61, appellant was entitled to dismiss his original action and file this renewal action within six months of the dismissal if the original suit was a valid suit, even if voidable. Because OCGA § 9-2-61 does not apply if the original suit was void, *Hornsby v. Hancock*, 165 Ga. App. 543, 544 (301 SE2d 900) (1983), we must determine whether the original action was void or merely voidable.

It is undisputed that service was perfected in the original suit after the expiration of the statute of limitation. Filing a complaint without subsequently perfecting service does not constitute a pending suit, *Hilton v. Maddox, Bishop, Hayton &c.*, 125 Ga. App. 423, 425 (188 SE2d 167) (1972), but when service is perfected with reasonable diligence, service relates back to the date of filing even though the statute of limitation has expired. Id. When an action is filed near the expiration of the statute of limitation, however, belated service may amount to laches, authorizing the trial court to dismiss the action. See id. at 426-427. Because such a dismissal is in the discretion of the trial court, *Watters v. Classon*, 193 Ga. App. 493, 494 (1) (388 SE2d 397) (1989), until and unless the trial court enters an order dismissing that action it is merely voidable rather than void. Accordingly, under the facts sub judice, because service had been perfected, albeit belatedly, the original action was merely voidable and not void. Service thus related back to the date of filing, thereby preventing the suit from being barred by the statute of limitation. It follows that by voluntarily dismissing his valid suit, appellant acquired the right to file a renewal action within six months pursuant to OCGA § 9-2-61.

(b) Contrary to appellant's argument, since an action renewed

pursuant to OCGA § 9-2-61 (a) is an action de novo, as a general rule a defendant is not estopped from raising a proper defense in the renewal action solely because that defense was not raised in the original action. *Adams v. Gluckman*, 183 Ga. App. 666 (1) (359 SE2d 710) (1987). Nevertheless, although they were not waived by appellee's failure to raise them in the original action, we agree with appellant that the affirmative defenses raised in this renewal action were not proper defenses because the delayed service in the first action was not repeated and appellee was served promptly in the renewal action. Compare *Adams*, supra (defendant properly raised affirmative defense of insufficiency of service of process in renewal action, even though not raised in original action where service had been accomplished in same manner); *Hornsby*, supra (in renewal action brought in same county as original action, defense of improper venue properly raised despite failure to assert in first action). Therefore, pretermitting the question whether the affirmative defense of laches was proper in the original action where service was belated, it had no basis in fact in the renewal action, and thus the statute of limitation was tolled during the six month renewal period. Accordingly, we cannot agree with the trial court that the affirmative defenses raised in this renewal action were meritorious, and we hold that the trial court's dismissal of appellant's complaint on that basis was erroneous. As our review of the record reveals no other basis upon which the trial court's dismissal of the complaint may be affirmed, the trial court's judgment must be reversed. See generally *Jones v. Phillips*, 183 Ga. App. 11, 12 (357 SE2d 853) (1987).

2. Our holding in Division 1 renders it unnecessary that we address appellant's remaining enumeration of error.

*Judgment reversed. McMurray, P. J., concurs. Andrews, J., concurs in the judgment only.*

DECIDED SEPTEMBER 23, 1991.

*Didio & Broome, Stefano A. Didio*, for appellant.
*William P. Walker, Jr.*, for appellee.