A92A1147. WELLS et al. v. FAUST.
(426 SE2d 655)

ANDREWS, Judge.

Plaintiffs, the representatives of the decedent, Ron Wells, appeal from the grant of summary judgment to defendant Faust on their wrongful death action.

Viewed in favor of plaintiffs below, opponents of the motion to dismiss and motion for summary judgment, Ron Wells, a student at the University of Georgia, was fatally injured on December 29, 1985, when he fell from the hood of a moving car driven by his fraternity brother Faust. They had been drinking that evening, including playing "quarters," a competitive drinking game, and had driven to a store around midnight to buy cigarettes. When Wells returned from the store, Faust had moved the car and pretended that he was going

to leave Wells. Wells then got on the hood of the car and told Faust to drive on. Although Faust and the two other occupants of the car also asked him to get in the car, Wells refused. Faust, who had consumed four to eight beers, drove about five to seven mph the two or three blocks back to the fraternity house. As he made the left turn into the parking lot, Wells fell from the car, landing face first on the pavement. Wells, a heavy drinker, had consumed 15 or 16 beers over the course of the evening.

Wells was carried into the house and examined by the others for obvious broken bones or other injuries. There were scratches on his hands and one of the others noticed scratches on his jaw, but no obvious broken bones were noted. Because of their concern that he could have struck his head, Bissel called the hospital emergency room and was told to watch Wells for about an hour and give him aspirin. They did this, and Wells indicated he did not want to go to the hospital, but wanted to sleep. Since he felt nauseous from the alcohol consumption, he was allowed to go to bed in one of the downstairs bedrooms adjacent to a bathroom. He went to bed there wearing his shirt and blue jeans.

The next morning, Faust checked on Wells about 8:00 a.m. He discovered that, during the night, Wells had thrown up in the bedroom, removed his clothing and hung it in the bathroom, gone upstairs to his own room and climbed into his loft bed. Faust shook Wells' foot, hanging over the edge of the loft, and spoke to Wells, who again indicated his desire to sleep. Wells was discovered dead around 11:00 a.m. He was dressed only in his boxer shorts, which appeared to have gravel dust on them, leading the others to conclude that he had gone outside during the night and fallen.

Suit was filed by plaintiffs in Clarke County Superior Court against Faust and the national fraternity on December 17, 1987, shortly before the expiration of the two-year statute of limitation. OCGA § 9-3-33. Neither Faust nor the national fraternity was a resident of Clarke County at that time. When the complaint was filed, information was provided for service by second original on Faust in Richmond County, which was the address obtained from Wells' father, one of the plaintiffs. In fact, Faust was residing in Columbia County. Service papers were left at the fraternity house in Clarke County for Faust but he was not served until April 11, 1988, in Augusta where he was working. In that action, Faust raised insufficiency of service of process and lack of venue in his answer.

Both defendants filed motions to dismiss for insufficiency of service of process and plaintiffs voluntarily dismissed the Clarke County suit on January 30, 1989. They then filed the Columbia County (renewal) suit on July 10, 1989, against Faust and the local fraternity chapter. Service was obtained on Faust on July 28, 1989, in this re-

newal suit.

Faust filed his motion to dismiss the renewal suit on March 19, 1990, contending that plaintiffs were guilty of laches in effecting service in the *original* Clarke County suit and that, since that suit was therefore not "valid," it was not subject to renewal, relying on *Brumit v. Mull*, 165 Ga. App. 663 (302 SE2d 408) (1983). On March 21, 1990, he filed his motion for summary judgment, based on the running of the statute of limitation and lack of due diligence in effecting service in the original Clarke County suit. By order of January 16, 1992, the court granted the motion for summary judgment and dismissed the Columbia County renewal action on the basis that the original suit was not a valid suit subject to renewal.

Although not cited by either party, the issue of whether the original suit was "void" has been addressed by *Fine v. Higgins Foundry &c. Co.*, 201 Ga. App. 275 (410 SE2d 821) (1991).[1] In that case, the original suit was filed before the expiration of the statute of limitation, but was voluntarily dismissed after defendant raised the defense of laches and the expiration of the statute of limitation. The renewal suit was then filed pursuant to OCGA § 9-2-61 within six months of the dismissal of the original action. The court dismissed the renewed suit, but was reversed by this court.

"When an action is filed near the expiration of the statute of limitation, however, belated service may amount to laches, authorizing the trial court to dismiss the action. [*Hilton v. Maddox, Bishop, Hayton &c.*, 125 Ga. App. 423, 426-427 (188 SE2d 167) (1972).] Because such a dismissal is in the discretion of the trial court, *Watters v. Classon*, 193 Ga. App. 493, 494 (1) (388 SE2d 397) (1989), until and unless the trial court enters an order dismissing that action it is *merely voidable rather than void*." (Emphasis supplied.) *Fine*, supra at 276 (1a).

Therefore, the trial court's determination was incorrect. There remain other issues, however, with respect to the validity of the service in the original suit which cannot be answered on the record before us. It is unclear whether the service effected on Faust in Richmond County was valid and whether venue was ever appropriate in Clarke County.

Also, even assuming the service in the original suit was appropriately effected, there remains the question of whether service in the renewal suit is affected by laches. *Collier v. Marsh*, 203 Ga. App. 322, 323 (2) (416 SE2d 849) (1992); *Jones v. Cropps*, 197 Ga. App. 313, 314 (2) (398 SE2d 295) (1990).

*Judgment reversed and remanded with direction. Birdsong, P.*

---

[1] Although *Fine*, supra, is physical precedent only we are constrained to follow its rationale.

*J., and Beasley, J., concur.*

DECIDED DECEMBER 4, 1992 —
RECONSIDERATION DENIED DECEMBER 17, 1992

*Alvin G. Wells, Jr.*, for appellants.
*Eason, Kennedy & Associates, Richard B. Eason, Jr.*, for appellee.

