S93G1837. HOBBS v. ARTHUR.
S94G0225. DINKINS v. DEPENDABLE COURIER SERVICE, INC.
(444 SE2d 322)

THOMPSON, Justice.

These consolidated cases are before the Court from the grant of certiorari to consider the Court of Appeals decisions in *Hobbs v. Arthur,* 209 Ga. App. 855 (1) (434 SE2d 748) (1993), and *Dependable Courier Svc. v. Dinkins,* 210 Ga. App. 665 (436 SE2d 719) (1993), with respect to whether diligence in service of process of a renewed complaint brought under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed action.

OCGA § 9-2-61 (a) provides:

When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, . . . pro-

vided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

The renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. *Clark v. Newsome*, 180 Ga. 97 (178 SE 386) (1935); *Cox v. Strickland*, 120 Ga. 104 (7) (47 SE 912) (1904); *Atlanta K & N R. Co. v. Wilson*, 119 Ga. 781 (47 SE 366) (1904), and cases cited therein. "The 'privilege' of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable." *Patterson v. Douglas Women's Center*, 258 Ga. 803, 804 (3) (374 SE2d 737) (1989).

The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. *Patterson*, supra at 804; *Hilton v. Maddox, Bishop, Hayton &c.*, 125 Ga. App. 423 (1) (188 SE2d 167) (1972). A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void.

The renewal suit is an action de novo. *Granite State Ins. Co. v. Nord Bitumi U. S.*, 262 Ga. 502 (422 SE2d 191) (1992). As such, the procedural prerequisites of filing the renewed complaint and service of process must be met anew. *Bell v. Figueredo*, 190 Ga. App. 163 (1) (378 SE2d 475) (1989). "Unless the case is an absolute nullity, the defective or improper suit may be used to nurse the cause of action into full life in the proper form and forum." *Wilson*, supra at 786. Defenses which are raised in the renewal action will be adjudicated only with respect to that which occurred subsequent to refiling. Accord *Granite State Ins. Co.*, supra; *Patterson*, supra.

"[T]he dismissal, discontinuance, or nonsuit of any proceeding which has for its object the assertion of a right should not prejudice that right so far as the statute of limitations is concerned, if that proceeding is renewed in the same or in any other form within six months. If we consider the mischief, we must extend the construction of the remedy thus far, else the mischief is not covered by it."

*Clark*, supra at 100.

Accordingly, inasmuch as diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in

the renewal action.[1]

## Case No. S93G1837

Hobbs brought a personal injury action against Arthur two days prior to the expiration of the two-year statute of limitation. Personal service was effected two months later. Arthur moved to dismiss, asserting that the delay in service constituted a lack of diligence. Hobbs voluntarily dismissed the action without prejudice prior to a ruling on the motion and refiled within six months under the renewal statute. Arthur was served with the renewed complaint within five days.

The Court of Appeals affirmed the grant of summary judgment to Arthur on the ground that the renewal action was time-barred by the applicable two-year statute of limitation.[2] In so doing, it failed to consider precedent of this Court and overruled a line of authority in the Court of Appeals which measured a plaintiff's diligence in perfecting service of the renewed action only within the period following the refiled suit.[3] *Hobbs v. Arthur*, supra at 858. The judgment of the Court of Appeals is accordingly reversed with direction that the case be returned to the trial court for ruling consistent with this opinion.

## Case No. S94G0225

Plaintiff Dinkins dismissed her first personal injury action against defendant Dependable Courier, Inc., after the latter filed a motion for summary judgment asserting the affirmative defense of improper service, but prior to a ruling on the motion. Although service had been perfected, it had been accomplished long after the expiration of the statute of limitation.

Dinkins timely refiled her suit under OCGA § 9-2-61 (a) and served Dependable Courier the next day. Cross-motions for summary judgment were filed in the renewed action. In an order which predated *Hobbs*, the trial court granted Dinkins' motion for summary

---

[1] See, e.g., *Smith v. Winn*, 198 Ga. App. 459 (1) (402 SE2d 79) (1991), as to considerations regarding whether plaintiff acted in a reasonable and diligent manner in attempting to effect service as quickly as possible.

[2] The trial court granted summary judgment to Arthur on a second independent ground that defendant had not been sued under his proper name in the original action. The Court of Appeals correctly determined that the misnomer was an amendable defect which did not void the action.

[3] *Hobbs v. Arthur*, supra, specifically overruled *Collier v. Marsh*, 203 Ga. App. 322 (2) (416 SE2d 849) (1992) and *Jones v. Cropps*, 197 Ga. App. 313 (398 SE2d 295) (1990), to the extent that they measured diligence in service of the renewed suit from the time of re-filing, and generally overruled any other cases which follow this rule. See, e.g., *Fine v. Higgins Foundry &c. Co.*, 201 Ga. App. 275 (1) (410 SE2d 821) (1991); *Wells v. Faust*, 206 Ga. App. 818 (426 SE2d 655) (1992). We reaffirm the foregoing line of authority insofar as they are consistent with the rule set forth in this opinion.

judgment and denied Dependable Courier's cross-motion based on statute of limitation and laches defenses with respect to the *original* action. Its ruling was predicated on *Wells v. Faust*, 206 Ga. App. 818 (426 SE2d 655) (1992), reaffirming the rule of *Fine v. Higgins Foundry &c. Co.*, 201 Ga. App. 275 (1) (410 SE2d 821) (1991). The Court of Appeals reversed and remanded for reconsideration in light of its decision in *Hobbs v. Arthur*, supra, which had been decided in the interim.

The trial court applied the proper rule of law in granting Dinkins' motion for summary judgment and denying Dependable Courier's cross-motion. The judgment of the Court of Appeals is accordingly reversed.

*Judgments reversed. All the Justices concur, except Sears-Collins, J., who dissents.*

DECIDED JUNE 27, 1994 —
RECONSIDERATION DENIED JULY 14, 1994.

*Callaway, Neville & Brinson, William J. Neville, Jr., Benjamin P. Brinson,* for appellant.
*Goodman, McGuffey, Aust & Lindsey, Leigh M. Wilco, Constance C. Russell,* for appellee.

*Simmons & Toliver, Joseph H. King, Jr.,* for appellant.
*Dermer & Black, Richard W. Brown,* for appellee.