## A96A2172. WHITE et al. v. ROLLEY.
(484 SE2d 83)

ANDREWS, Chief Judge.

We granted the application of White, his former partners, and partnership to determine whether they were entitled to summary judgment in former client Rolley's malpractice action against them based on Rolley's failure to show White's negligence proximately caused Rolley's claimed damages. We conclude summary judgment was appropriate and reverse the trial court's denial of the motion.

Rolley was injured on November 14, 1987, in an automobile accident with a truck driven by Simpson. He retained White[1] to pursue his personal injury suit, and the complaint was filed on November 13, 1989, just prior to expiration of the statute of limitation. Named as defendants were Simpson, Favors, and C & H Hauling, alleged to be a dump trucking business formed by Favors and Woods and employer of Simpson. Favors was served on November 29, 1989, Simpson on March 14, 1990, and C & H, through Favors, on August 1, 1990.

Prior to the complaint being filed, Rolley had declined an offer to settle for $7,500.

In May 1990, Favors filed a motion for summary judgment contending that he was an improper party because he had not hired Simpson, nor did he have any connection with the truck being driven, although he and Woods were the named insureds on the policy issued on the truck. After White discussed with Rolley the fact there had been difficulty in serving Simpson and C & H and that, after taking Favors' deposition, it appeared that C & D Dump Truck, not C & H, was the proper party, Rolley fired White and the firm in August 1990. On September 18, 1990, the trial court granted White permission to withdraw from the pending case. At that time, no order had yet been entered on Favors' motion.

On August 24, 1990, Rolley retained new attorney Belcher to pursue the litigation. On October 15, 1990, Simpson and C & H filed their motions to dismiss and/or for summary judgment, contending that service on them was insufficient. After a hearing on December 18, 1990, the court granted summary judgment to all three defend-

---

[1] At that time White was working for the other named defendants, all of whom are hereinafter referred to as "White."

ants on December 26, 1990, finding that Favors and C & H were not proper parties and that service was insufficient on Simpson because it was not effected with due diligence. Although Belcher filed a notice of appeal from this order, a settlement was thereafter entered into for $2,500 by Belcher and Rolley, and the appeal dismissed on June 5, 1991.

Rolley alleges that his settlement was greatly reduced by White's failure to timely serve the defendants and to develop evidence sufficient to keep Favors and C & H in the suit. White's motion for summary judgment was premised on lack of proximate cause.

1. In addition to showing that the attorney accused of malpractice was employed by the client and failed to exercise the requisite care, the client must show that such negligence was the proximate cause of damage to the plaintiff. *Perry v. Ossick*, 220 Ga. App. 26, 29 (467 SE2d 604) (1996).

" 'A claim for legal malpractice is sui generis insofar as the plaintiff's proof of damages effectively requires proof that he would have prevailed in the original litigation [but for the act of the attorney charged with malpractice].' (Citation and punctuation omitted.) *Nix v. Crews*, 200 Ga. App. 58, 59 (2) (406 SE2d 566) (1991)." *Houston v. Surrett*, 222 Ga. App. 207, 209 (2) (474 SE2d 39) (1996).

2. To satisfy the burden of proof on summary judgment, White was required to point out by reference to the record that there was an absence of proof adduced by Rolley on the issue of proximate cause. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Huntington v. Fishman*, 212 Ga. App. 27, 29 (441 SE2d 444) (1994). This he did by pointing out that, at the time Belcher was retained, the suit against Simpson and his employer, by way of respondeat superior, was still viable and any deficiency in service on Simpson would be no defense in a renewal action brought within six months after dismissing the pending suit.

In opposition to White's motion, Belcher's affidavit was submitted by Rolley. Belcher stated that he was of the opinion that "any attempt to avail this cause of action of the renewal statute [OCGA § 9-2-61] would have been futile. First of all, C & D Dump Truck Company was never make [sic] a party to the lawsuit, therefore, the renewal statute with regard to C & D Dump Truck Company would have been of no value. Secondly, there was no clear case law that existed at the time that would have put counsel on notice that such action would have been of any benefit."

"The 'viability' of a given claim in the present context refers only to the question of whether further litigation of that claim may lead to a favorable result *as of the time prior counsel was dismissed from the case. . . ." Huntington*, supra at 30, fn. 2.

As of September 18, 1990, when the order was entered allowing

White to withdraw from the case, only Favors' summary judgment motion was pending. Therefore, we consider the "viability" of the case at that point with regard to the effect of White's negligence in timely serving Simpson and C & H.

"The renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. [Cits.] 'The "privilege" of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable.' *Patterson v. Douglas Women's Center*, 258 Ga. 803, 804 (3) (374 SE2d 737) (1989). The original suit is void *if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit.* [Cits.] *A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void.*" (Emphasis supplied.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). After reviewing longstanding principles of Georgia law concerning renewal suits, the Supreme Court reiterated that "inasmuch as diligence in perfecting service of process in an action properly refiled under OCGA § 9-2-61 (a) must be measured from the time of filing the renewed suit, any delay in service in a valid first action is not available as an affirmative defense in the renewal action." (Footnote omitted.) Id.

While *Hobbs* was not decided until 1994, all of the authority cited regarding the above principles, with the exception of *Granite State Ins. Co. v. Nord Bitumi U. S.*, 262 Ga. 502 (422 SE2d 191) (1992), was decided before 1990.[2] See also *Reid v. U. S. Fidelity &c. Co.*, 223 Ga. App. 204 (477 SE2d 369) (1996); *Weddington v. Kumar*, 149 Ga. App. 857, 858 (256 SE2d 141) (1979).

While it can be argued that White's failure to effect service within the statutorily mandated five days was a cause in fact of the eventual decision by Rolley and Belcher to not avail themselves of the renewal statute and to accept a settlement, this does not determine whether White's act was a proximate cause of the damage. "The concept of proximate cause acts as 'a limitation on what would otherwise be the unlimited liability of a negligent tortfeasor for all the immediate and the eventual consequences of his negligence.' [Cit.]

---

[2] Although Rolley correctly points out that there were divergent opinions in this Court concerning this point for a period of time, this divergence did not begin until *after Jones v. Cropps*, 197 Ga. App. 313 (398 SE2d 295) (1990), decided October 18, 1990, and culminating with *Hobbs v. Arthur*, 209 Ga. App. 855 (434 SE2d 748) (1993). See *Wells v. Faust*, 206 Ga. App. 818 (426 SE2d 655) (1992); *Collier v. Marsh*, 203 Ga. App. 322 (416 SE2d 849) (1992); and *Fine v. Higgins Foundry &c. Co.*, 201 Ga. App. 275 (410 SE2d 821) (1991).

Applying this concept to limit recovery necessarily involves a policy decision that, for various reasons including the intervening act of a third person, the defendant's conduct is too remote from the injury to attach liability. [Cit.] While this policy decision is usually left to a jury, in plain and undisputed cases the court may make the determination as a matter of law. [Cit.]" *Black v. Ga. Southern &c. R. Co.*, 202 Ga. App. 805, 807 (415 SE2d 705) (1992) (physical precedent); *Finney v. Machiz*, 218 Ga. App. 771, 772 (463 SE2d 60) (1995).

We find that the intervening decisions by Belcher and Rolley render White's negligence too remote to satisfy the proximate cause requirement for a legal malpractice claim. *Mauldin v. Weinstock*, 201 Ga. App. 514, 518 (4) (411 SE2d 370) (1991), citing *Rogers v. Norvell*, 174 Ga. App. 453 (330 SE2d 392) (1985); compare *Huntington*, supra.
*Judgment reversed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 13, 1997.

*Webb, Carlock, Copeland, Semler & Stair, Edward A. Miller, Kirwan, Parks, Chesin & Miller, Marni K. Brown*, for appellants.
*Jeffrey H. Dover*, for appellee.