[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14138
Non-Argument Calendar

_____

D. C. Docket No. 06-00032-CV-6

HAZEL MILLER,

Plaintiff-Appellant,

versus

THE STATE OF GEORGIA,
DEPARTMENT OF CORRECTIONS OF THE STATE OF GEORGIA,
FRED BROWN,
WARDEN HUGH SMITH,
JOHN DOE,  et. al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 15, 2007)

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

Hazel Miller appeals the district court's grant of the defendants' motion for dismissal of Miller's employment action. The issue on appeal concerns the timeliness of Miller's action. For the reasons set forth more fully below, we affirm.

Miller, represented by counsel, filed this action against her former employer and supervisors, the State of Georgia, Department of Corrections of the State of Georgia, Fred Brown, Hugh Smith, John Doe, and John Doe, II, alleging (1) age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a); (2) sexual harassment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2; (3) various violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203(a); (4) an unspecified deprivation of rights, in violation of 42 U.S.C. § 1983; and (5) an unspecified conspiracy, in violation of 42 U.S.C. § 1985. In her complaint, Miller indicated that she was terminated from her job on November 15, 2003. After her termination, Miller filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the EEOC mailed a notice of right to sue letter on September 30, 2004. Miller thereafter initiated the instant action on March 20, 2006.

However, Miller had filed a previous complaint against the same defendants,

2

arising out of the same termination, on December 23, 2004. Nevertheless, Miller failed to serve the complaint on the defendants within 120 days, as required in Federal Rule of Civil Procedure 4. Miller eventually served the defendants with notice of her complaint, but it was after the 120-day limitation period. Upon the defendants' motion, the district court dismissed Miller's initial complaint without prejudice on September 21, 2005.

In lieu of an answer to Miller's instant complaint, the defendants moved to dismiss the complaint as untimely under Federal Rule of Civil Procedure 12(b)(6).[1] The district court granted the defendants' motion to dismiss Miller's complaint. The district court found that Georgia's renewal statute, O.C.G.A. § 9-2-61, did not apply to Miller's Title VII, ADEA, and ADA claims because those statutes set forth specific statutes of limitations. The court determined that, because Miller did not satisfy those limitations periods, specifically, 90 days from her receipt of the right-to-sue letter, her Title VII, ADEA, and ADA claims were untimely. As to Miller's §§ 1983 and 1985 claims, the court found that those statutes did not have specific federal statutes of limitations, and, thus, the Georgia renewal statute was applicable to those claims. The court concluded, however, that Miller could not

---

[1] The defendants also moved to dismiss the complaint on Eleventh Amendment immunity grounds. (R1-3). Because the district court ultimately granted the motion to dismiss as untimely, the court did not address the immunity issue. (R1-11 at 3). The parties do not raise an issue regarding immunity on appeal. (See generally Blue Brief, Red Brief).

3

rely on the renewal statute because she had never perfected service of her initial complaint, and, therefore, the renewal statute could not protect her instant complaint from the bar of the two-year statute of limitations provided by Georgia law. Specifically, the court found that there was "no dispute that Miller never perfected service in her [initial] action. Indeed, that is why this Court dismissed that case." Accordingly, the court found that all of Miller's claims were time-barred.

Miller argues on appeal that the district court erroneously dismissed her complaint because she timely renewed her complaint pursuant to O.C.G.A. § 9-2-61. Miller contends that her initial complaint was renewable because, although she served the defendants late, she still served them prior to the court's order of dismissal without prejudice, thereby perfecting her service. She further asserts that federal law does not specify a time within which a party must refile an involuntarily dismissed complaint, and, thus, Georgia law supplies the applicable law. Miller concludes that the court incorrectly found that Miller had never served the defendants where it is undisputed that she served the defendants prior to the court's order of dismissal.

"We review a district court's grant of a motion to dismiss de novo, taking as true the facts as they are alleged in the complaint." Owens v. Samkle Automotive,

4

Inc., 425 F.3d 1318, 1320 (11th Cir. 2005).

## A.  Title VII, ADA, and ADEA Claims

Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1); see also Stallworth v. Wells Fargo Armored Services Corp., 936 F.2d 522, 524 (11th Cir. 1991).  The ADA provides the same statute of limitations, as it expressly incorporates the enforcement mechanisms contained in Title VII, 42 U.S.C. § 2000e-5.  See 42 U.S.C. § 12117(a); see also Zillyette v. Capital One Financial Corp., 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964").  Similarly, the ADEA provides that a plaintiff asserting a claim under that statute must file her complaint within 90 days of her receipt of a right-to-sue letter.  29 U.S.C. § 626(e); Kerr v. McDonald's Corp., 427 F.3d 947, 951 (11th Cir. 2005).  In Miller's case, the EEOC mailed the right-to-sue letter on September 30, 2004.  Miller offers no evidence as to the date on which she received the letter.  Assuming Miller received the letter within the average time for mailing, her 90-day period ended in early January 2005.[2]  Miller filed her initial complaint on December 23, 2004, well

---

[2]This estimate was offered by the defendants in their motion to dismiss and Miller has never disputed that her 90-day period ended in early January 2005.

5

within the 90-day period, but after that complaint was dismissed for failure to perfect service, she filed her instant complaint on March 20, 2006, clearly beyond the 90-day period.

Miller argues that her instant complaint is not untimely because Title VII, the ADA, and the ADEA do not include provisions governing the renewal of a dismissed complaint, and, thus, the applicable law is O.C.G.A. § 9-2-61. Miller's argument is without merit because, as discussed above, Title VII, the ADA, and the ADEA all contain specific statute of limitations periods that Miller failed to satisfy. Thus, the Georgia renewal statute does not save Miller's instant complaint as to her Title VII, ADA, and ADEA claims because it was filed beyond the 90-day statute of limitations.

Furthermore, Miller never argued before the district court, nor on appeal, that the dismissal without prejudice of her original complaint tolled the limitations period. In any event, we have explained that the filing of a complaint that was later dismissed without prejudice does not automatically toll the limitations period for a future complaint. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir.2004) (writing that dismissal of an ADEA complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations); Justice v. United States, 6 F.3d 1474, 1478-79 (11th Cir.1993) (stating general rule that filing

of lawsuit later dismissed without prejudice does not automatically toll statute of limitations). Because Miller's limitations period was not automatically tolled, and because Miller has not argued or established that she is eligible for the "extraordinary remedy" of equitable tolling, the filing of her original complaint that was later dismissed without prejudice did not toll her limitations period. See Justice, 6 F.3d at 1479 (explaining that courts, in their equitable capacity, will toll statutes of limitations, but only if the plaintiff establishes that such tolling is warranted and that there was an inequitable event that prevented the plaintiff's timely filing). Accordingly, the district court did not err in dismissing Miller's complaint as to her Title VII, ADA, and ADEA claims.

### B. 42 U.S.C. §§ 1983 and 1985 Claims

Unlike Title VII, the ADA, and the ADEA, 42 U.S.C. §§ 1983 and 1985 do not include specific statutes of limitations periods. Thus, we have held that the proper limitations period for claims brought under §§ 1983 and 1985 is the personal injury limitations period of the forum state. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Claims brought in Georgia are governed by O.C.G.A. § 9-3-33, which provides that claims must be filed "within two years after the right of action accrues." Id. at 560-61; O.C.G.A. § 9-3-33. "The general federal rule is that the statute of limitations does not begin to run until the facts which would

7

support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar, 85 F.3d at 561-62 (quotation omitted). Here, Miller's alleged injury resulted from her termination, which occurred on November 15, 2003. Thus, she had until November 15, 2005 to file a § 1983 or § 1985 complaint arising out of her termination. Miller filed the instant action on March 20, 2006.

Miller argues that, despite the tardiness of her instant complaint, her complaint is legally timely because it is saved by the Georgia renewal statute. Georgia Code § 9-2-61 provides:

> [w]hen any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later . . . .

O.C.G.A. § 9-2-61(a). "The renewal statute is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits." Hobbs v. Arthur, 444 S.E.2d 322, 323 (Ga. 1994). However, the Georgia Supreme Court has held that, "[t]he privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable." Id. (quotation omitted). "The original suit is void if service was never perfected, since the filing of a complaint

8

without perfecting service does not constitute a pending suit." Id. The Georgia Supreme Court also held that a complaint is void and incapable of renewal "if there has been a judicial determination that dismissal is authorized." Id. In Hobbs, the Georgia Supreme Court determined that the actions were voidable, but not void, because (1) the plaintiffs had served the defendants after the service period; (2) the plaintiffs then voluntarily dismissed their complaints; and (3) the dismissal came before the trial court had ruled on the defendants' motions for summary judgment. Id. at 323-24.

Miller contends that her initial complaint was merely voidable, rather than void, because she served the defendants after the notification period but before the district court dismissed her initial complaint. However, Miller's case is factually distinguishable from Hobbs because Miller did not voluntarily dismiss her initial complaint prior to the court's dismissal. The initial complaint was dismissed by court order granting the defendants' motions. Thus, Miller's initial suit was void and incapable of renewal under O.C.G.A. § 9-2-61. See Hobbs, 444 S.E.2d at 323 (holding that an initial suit cannot be renewed "if there has been a judicial determination that dismissal is authorized"). Because Miller's initial suit is unrenewable, and her instant complaint was filed beyond the two-year statute of limitations period, the district court did not err in dismissing Miller's 42 U.S.C.

9

§§ 1983 and 1985 claims.

In light of the foregoing, the district court's grant of the defendants' motion to dismiss Miller's complaint is

**AFFIRMED.**