[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14137
Non-Argument Calendar

_____

D. C. Docket No. 06-00033-CV-6

ALICE ROBERTS,

Plaintiff-Appellant,

versus

THE STATE OF GEORGIA,
DEPARTMENT OF CORRECTIONS OF THE STATE OF GEORGIA,
FRED BROWN,
HUGH SMITH,
JOHN DOE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(April 6, 2007)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Alice Roberts appeals the district court's order dismissing a lawsuit in which she asserted claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and 42 U.S.C. §§ 1983, 1985. The question on appeal is whether Georgia's renewal-of-claims statute, Ga. Code Ann. § 9-2-61, functions to save her claims from the otherwise-applicable statutes of limitations.

**I.**

Roberts was fired from her job as a correctional officer at Reidsville State Prison in Reidsville, Georgia on October 22, 2003, and received a right-to-sue notice from the Equal Employment Opportunity Commission sometime around September 28, 2004. A little less than three months later, on December 23, 2004, Roberts filed a complaint in the United States District Court for the Southern District of Georgia, naming as defendants the State of Georgia, its Department of Corrections, and various individuals.

Apparently, that's all Roberts did because on August 29, 2005—some eight months after the filing of her lawsuit—the district court ordered her to show cause why she had not served any of the defendants with a summons and the complaint. After this show-cause order, Roberts sprung into action, serving each of the

2

various defendants during the month of September 2005. Nonetheless, on October 24, 2005 the district court granted the defendants' motion to dismiss the action without prejudice for Roberts' failure to serve them within 120 days of filing the complaint as required by Fed. R. Civ. P. 4(m).

On March 20, 2006, Roberts tried to start over. She filed an identical complaint in the district court and promptly served the various defendants. For a second time, however, the district court granted the defendants' motion to dismiss. This time the reason for the dismissal was that the relevant statutes of limitations barred Roberts' claims, and the district court rejected her argument that Georgia's renewal statute applied to save her claims. This second dismissal, unlike the first, was with prejudice, and it is this second order of dismissal that Roberts appeals here.

## II.

On appeal, Roberts again cites the renewal statute, which the Georgia courts have held is to be "construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits." Hobbs v. Arthur, 444 S.E.2d 322, 323 (Ga. 1994). That statute provides in pertinent part:

> When any case has been commenced in either a state or federal court
> within the applicable statute of limitations and the plaintiff
> discontinues or dismisses the same, it may be recommenced in a court
> of this state or in a federal court either within the original applicable

3

period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the [payment of statutorily prescribed court costs]; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

Ga. Code Ann. § 9-2-61(a). We review de novo the district court's order dismissing Roberts' case. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

The parties do not dispute that Roberts' first complaint was timely or that the present complaint was filed within six months of the first complaint's dismissal as required by § 9-2-61(a). Thus, Roberts argues, the district court erred in concluding that her claims were time-barred. In her brief, Roberts emphasizes the fact that all defendants were eventually served in her first lawsuit; that her first complaint was thus not "void" under state law at the time of its dismissal; and that accordingly, the claims in her first complaint were subject to renewal.

In considering Roberts' arguments, we first note that they have no bearing on the question of whether her claims under Title VII and the ADEA were time-barred. This is because "a court looks to state law to define the time limitation applicable to a federal claim only when Congress has failed to provide a statute of limitations for a federal cause of action." Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir. 2001) (quotation marks omitted) (citing Pipkin v. United States

4

Postal Serv., 951 F.2d 272, 275 (10th Cir. 1991)).  Here, Congress provided a 90-day limitations period for claims under both of these federal statutes, and, under each statute, the 90-day period begins running on the day the plaintiff receives her right-to-sue notice from the EEOC.  29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).  Roberts has conceded that she received this notice in the last days of September 2004, so it follows that she had until the end of December 2004 to file her complaint.  The complaint in the present case, filed on March 20, 2006, did not come close to meeting that deadline.  Accordingly, the district court's order of dismissal as to the Title VII and ADEA claims is due to be affirmed.

Roberts' reliance on state law does have a bearing on her claims under § 1983 and § 1985.  For these statutes, Congress did not specify a statutory limitations period, so we look to state law to determine when a claim under them must be filed.  Previous decisions of this Court recognize that in Georgia cases § 1983 carries the two-year limitations period provided in Georgia's statute of limitations for personal-injury claims, Ga. Code Ann. § 9-3-33.  See, e.g., Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986).  The same is true for § 1985.  Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996).  Whether a lawsuit can be renewed after it has suffered a non-merits dismissal is also a question of state law.  See Scott v. Muscogee County, 949 F.2d 1122, 1123 (11th Cir. 1992)

(analyzing the applicability of the Georgia renewal statute in a § 1983 action).

By arguing that her first lawsuit was "voidable but not void," and by emphasizing that all of the defendants were ultimately (though untimely) served in her first lawsuit, Roberts correctly recognizes that she must establish that her first lawsuit was not void under state law. Otherwise, she loses because "void" lawsuits are not renewable under § 9-2-61. Hobbs, 444 S.E.2d at 323.

Not only is a lawsuit void if service is never perfected, id., but "[a] suit is also void and incapable of renewal under [Ga. Code Ann.] § 9-2-61(a) if there has been a judicial determination that dismissal is authorized." Id. And that is exactly what happened to Roberts' first complaint. The district court determined that dismissal of the complaint was authorized under Fed. R. Civ. P. 4(m) for Roberts' failure to serve the defendants within 120 days of filing her complaint. This determination, then, meant that Roberts' first lawsuit became void, for purposes of Georgia's renewal statute, when the district court granted the defendants' first motion to dismiss. The effect of this change in status is clear: When Roberts' first lawsuit became void, the Georgia renewal statute became inapplicable. See Hobbs, 444 S.E.2d at 323.

With the renewal statute out of the picture, all that remains is to apply the two-year statute of limitations. Since the defendants are alleged to have unlawfully

6

fired Roberts on October 22, 2003, she had until October 22, 2005 to file her complaint. By filing the complaint on March 20, 2006, she missed the deadline by almost five months. Accordingly, the district court's order of dismissal as to the § 1983 and § 1985 claims is also due to be affirmed.

**AFFIRMED.**