[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12833

Non-Argument Calendar

_____

KIMBERLY K. SISIA,
Individually and on behalf of others
similarly situated,

                                        Plaintiff-Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02376-ELR

———————————————

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Georgia's renewal statute can rescue previously filed claims from statutes of limitations if the claims are sufficiently similar and have not been decided on their merits. Because Sisia met these requirements for some—but not all—of her claims, we affirm in part and reverse in part.

## I.

Kimberly Sisia alleges that she was injured in a 2009 car crash. Her insurance policy with State Farm Mutual Automobile Insurance Company entitled her to "reasonable medical expenses incurred for bodily injury." Sisia sought treatment for her injuries, including $4,853 in chiropractic care and $3,195 for physical therapy. She claims that State Farm only paid for $1,254 of the charges, leaving $6,794 unpaid.

To resolve this appeal, we must analyze three complaints. Sisia first sued State Farm in 2012 in Georgia state court—her original complaint. A year later, Sisia filed a "First Amended Complaint" in the same case. After State Farm moved for summary judgment on the original complaint and to dismiss the

second, the state court issued a somewhat counterintuitive ruling. It dismissed all the claims in the amended complaint but allowed what remained in the original complaint to continue, deciding that Sisia had not "abandoned her original Complaint when she filed the First Amended Complaint" but instead "intended to further expand her claims."

In parsing the complaints, the state court found differences between the claims. In its view, the amended claim (although entitled "Breach of Contract") alleged only that the insurance policy language was "illusory." The court decided the policy language matched "applicable statutory language," so it dismissed any claim "that the policy language at issue is 'illusory'" on the merits. It also dismissed the state law class action count and a count for attorneys' fees. But the court reasoned that the original claim—which the court characterized as a claim "to recover her medical damages under the policy"—presented issues of material fact. This claim for medical expenses survived the court's order.

For some reason, the state action stalled. In 2021—about nine years after first suing—Sisia voluntarily dismissed the case and refiled in federal court. But she faced a hurdle: Georgia has a six-year statute of limitations for breach of contract claims.[1] O.C.G.A. § 9-3-24. To get around this limitation, Sisia relied on Georgia's

---

[1] Whether Sisia's theory of breach of private duty sounds in tort does not affect our analysis because tort actions have an even shorter limitations period. *See* O.C.G.A § 9-3-33.

renewal statute, which permits a plaintiff to dismiss a case and refile in federal court "within the original applicable period of limitations or within six months after the discontinuance or dismissal." O.C.G.A. § 9-2-61(a).

The federal district court still dismissed the case as time-barred. It decided that Sisia's "current breach of contract claim constitutes an attempt to revive the previously adjudicated" illusory policy claim from her amended complaint. As a result, it also denied as moot Sisia's motion for class certification. The court later denied both her motion to reconsider and motion to amend her complaint. Sisia now appeals.

## II.

We review de novo the application of a statute of limitations. *United States v. Maher*, 955 F.3d 880, 884 (11th Cir. 2020). We review a court's denial of a motion for reconsideration or for leave to amend for abuse of discretion. *See Marti v. Iberostar Hoteles y Apartamentos S.L.*, 54 F.4th 641, 646 (11th Cir. 2022); *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003).

## III.

Under Georgia law, a "properly filed renewal action stands on the same footing as the original action." *Coen v. Aptean, Inc.*, 356 Ga. App. 468, 470 (2020) (quotation omitted). So "if a renewal action is properly filed within six months after dismissal of the original action, it remains viable even though the statute of

22-12833                 Opinion of the Court                          5

limitation may have expired." *Id.* (quotation omitted). No one disputes that Sisia refiled within six months after she voluntarily dismissed her state case.

Instead, the parties debate the effect of the state court's dismissal of the amended complaint. Georgia's renewal statute contains a logical constraint: it cannot revive cases or claims that were previously "decided on their merits."[2] *Patterson v. Douglas Women's Ctr., P.C.*, 258 Ga. 803, 804 (1989). In fact, a suit or claim is "void and incapable of renewal" if "there has been a judicial determination that dismissal is authorized." *Hobbs v. Arthur*, 264 Ga. 359, 360 (1994). But if the renewed and original case are "substantially the same both as to the cause of action and as to the essential parties," the statute permits renewal. *Coen*, 356 Ga. App. at 470 (quotation omitted).

That background provides a deceptively simple rule for this case: whatever claims the state court dismissed from the amended complaint may not be renewed, but any claim substantially similar to the original complaint may be renewed in this federal action. *See Hobbs*, 264 Ga. at 360 (noting that a case may be renewed

---

[2] The "decided on their merits" limitation applies as much to claims as cases; otherwise, claims could be "miraculously revived as long as they are re-filed within six months of dismissal of the entire case"—an "absurd result." *Anderson v. S. Home Care Servs., Inc.*, No. 13-0840, 2017 WL 10574069, at *2 (N.D. Ga. Mar. 31, 2017) (quotation omitted).

"unless and until the trial court enters an order dismissing a valid action").

Here is the complication: all three complaints share similar elements. As the district court recognized, the federal complaint mentions (more than once) legal arguments similar to those Sisia advanced as part of her claim that the policy was "illusory." Because the state court dismissed this claim on the merits, it is ineligible for renewal.

At the same time, Sisia's original claim for unpaid medical expenses survived. And in this respect, the federal complaint is "substantially the same" as the original. The original describes Sisia's policy, her accident, and State Farm's alleged refusal to pay for her medical expenses. So does the federal complaint. To recover these expenses, Sisia pressed three theories: "Breach of Contract," "Breach of Private Duty," and "Breach of Duty of Good Faith and Fair Dealing."

The Georgia Supreme Court has emphasized for over a hundred years that the renewal statute is "remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits." *Hobbs*, 264 Ga. at 360; *see also Clark v. Newsome*, 180 Ga. 97, 100 (1935); *Cox v. Strickland*, 120 Ga. 104, 112 (1904). Sisia's original and amended complaints are not models of clarity—if anything, they are models of confusion. The complaints often conflate causes of action and argument, forgo common pleading conventions, and haphazardly deploy legal vocabulary. Yet Sisia dismissed her medical expenses

claim voluntarily. The merits of her case—whether State Farm owed her money under the contract—were *never* adjudicated. Given the "remedial" nature of O.C.G.A. § 9-2-61(a) and its liberal construction, Sisia could thus renew her claim for medical expenses using the three theories of recovery explicitly set forth in her federal complaint.[3]

But because the state court already dismissed the amended complaint, Sisia may *not* renew any legal theory or claim that the policy is "illusory." That has been decided on the merits. To the extent that the federal complaint tries to revive this theory, we affirm the district court's conclusion that it is time-barred.

Finally, we agree with the district court that Sisia's renewed medical expenses claim is not otherwise barred by claim preclusion. Under Georgia law, the "entry of a judgment as to one or more but fewer than all of the claims" is not a final judgment and so may not invoke claim preclusion, unless the court expressly says otherwise. *Wise v. Ga. State Bd. for Examination, Qualification & Registration of Architects*, 244 Ga. 449, 449 (1979) (quotation omitted).[4] Here the medical expenses claim remained pending until Sisia voluntarily dismissed it. No final judgment exists and claim preclusion is unavailable.

---

[3] The legal sufficiency of these three theories is not before us on appeal.

[4] A federal court applies state law when asked to give preclusive effect to a state court judgment. *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006).

\*     \*     \*

We **AFFIRM** only the dismissal of any "illusory policy" theory in this case and **REVERSE** the court's dismissal of Sisia's other claims. We **DISMISS** as **MOOT** Sisia's appeals of her motion to reconsider and motion to amend her complaint. We **REMAND** for the court to consider Sisia's motion for conditional class certification and for further proceedings consistent with this opinion.