[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2001
THOMAS K. KAHN
CLERK

----------------------
No. 00-15411
----------------------
D.C. No. 99-00470 CV-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMERICAN STATES INSURANCE COMPANY,
an Indiana Corporation,

Defendant-Appellant,

----------------------
Appeal from the United States District Court
for the Northern District of Florida
----------------------
**(May 31, 2001)**

Before DUBINA and KRAVITCH, Circuit Judges, and DUPLANTIER[*], District
Judge.

---

[*]Honorable Adrian G. Duplantier, U.S. District Judge for the Eastern District of
Louisiana, sitting by designation.

KRAVITCH, Circuit Judge:

Defendant American States Insurance Co. ("American States") appeals the district court's entry of summary judgment in favor of the United States for damages from the breach of a surety agreement. Because we find that the statute of limitations contained in 28 U.S.C. § 2415(a) bars the suit, we reverse and remand with instructions that judgment be entered for American States.

## I. BACKGROUND

In 1984, the United States ("the Government") contracted with Skip Kirchdorfer, Inc. ("SKI") for the renovation of certain military housing at Eglin Air Force Base, Florida. Pursuant to the Miller Act, 40 U.S.C. § 270a-270d, American States issued a performance bond as surety on behalf of SKI. Under the terms of the bond, American States and SKI shared joint and several liability up to $2,937,704 for any breach of the contract.

In December 1985, the Government terminated the contract, citing SKI's failure to perform in accordance with the contract provisions. After investigating the termination, American States informed the Government of its conclusion that the termination was wrongful. SKI and the Government litigated the propriety of the termination and the Federal Circuit Court of Appeals upheld the termination. See Skip Kirchdorfer, Inc. v. Rice, 944 F.2d 912 (Fed. Cir. 1991).

2

During the pendency of the litigation, the Government employed another company to complete the construction contract. The new company completed the renovations for $977,009.61 in excess of the contract price. On July 20, 1992, the contracting officer responsible for terminating SKI's contract demanded that SKI and American States reimburse the Government for these excess costs. Both SKI and American States refused to pay and challenged the propriety of the demand. Three years later, on July 26, 1995, the contracting officer issued a final decision demanding the same amount.

American States filed suit in the Court of Federal Claims in June 1996, seeking a declaration that it was not required to pay the excess costs. The court dismissed the suit for lack of jurisdiction. On November 16, 1999, the Government sued American States to recover the excess costs under the terms of the bond. The Government sought $977,009.61, which was the same amount requested in the 1992 demand letter. American States moved to dismiss the action on the ground that it was barred by the statute of limitations. The district court denied the motion to dismiss and instead granted the Government's motion for summary judgment, holding that American States was bound by the contracting officer's final decision.

## II. DISCUSSION

American States challenges the district court's conclusion that the Government filed its lawsuit within the statute of limitations.[1] We review de novo a district court's interpretation and application of a statute of limitations. See United States v. Gilbert, 136 F.3d 1451, 1453 (11th Cir. 1998).

The statute of limitations for "every action for money damages" brought by the Government is six years from the accrual of the cause of action or one year from a final decision in any administrative proceeding required by law or contract, whichever is later. 28 U.S.C. § 2415(a).[2] "For the purpose of computing the limitations periods established in section 2415, there shall be excluded all periods during which . . . facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances . . . ." 28 U.S.C. § 2616(c).

---

[1]Because we hold that the statute of limitations bars the suit, we do not address American States's argument that it was not bound as a matter of law by the contracting officer's final decision.

[2]28 U.S.C. § 2514(a) provides:

Subject to the provisions of section 2416 of this title, and except as otherwise provided by Congress, every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues or within one year after final decisions have been rendered in applicable administrative proceedings required by contract or by law, whichever is later . . . .

4

The Government makes two arguments:  (1) that § 2415(a) does not apply to this lawsuit, and (2) that even if § 2415(a) applies, the limitations period did not begin to run until the contracting officer made his final decision, which was less than six years before the Government filed suit.

A.   *Applicability of § 2415(a)*

The Government contends that § 2415(a) does not apply to this lawsuit because the action is not a "suit for money damages" within the meaning of § 2415(a).  The Government argues instead that its lawsuit is akin to a suit to enforce a judgment–in this case the judgment of the contracting officer.  Because a suit to enforce a judgment is an equitable action, § 2415(a) does not apply to such an action.  See United States v. Hannon, 728 F.2d 142, 145 (2d Cir. 1984).  The Government argues that this same principle applies when the Government sues a surety to recover on a performance bond.

We disagree.  Even though the decisions of contracting officers are not subject to challenge on the merits, they are not themselves judgments.  See United States v. Suntip Co., 82 F.3d 1468, 1475 (9th Cir. 1996).  Section 2415(a) recognizes this fact by requiring the Government to sue "within one year after final decisions have been rendered in applicable administrative proceedings."  As the Ninth Circuit noted in Suntip, this provision covers actions by the Government to

5

enforce a final administrative decision, and thereby suggests that such decisions are not judgments exempted from the statute of limitations. 82 F.3d at 1475-76.

Furthermore, this lawsuit essentially is a breach of contract suit. The Government seeks damages from American States because American States has refused to honor its obligation under the surety agreement. Although the amount in question was determined by the contracting officer, the obligation sought to be enforced is contractual. American States would not be liable but for the surety agreement. See United States v. Seaboard Sur. Co., 817 F.2d 956, 962-63 (2d Cir. 1987) (holding that surety's liability is distinct from contractor's liability and therefore does not have to be litigated in the claims court under the Contract Disputes Act, 41U.S.C. § 601 et seq.). By suing to recover damages for the breach of this surety agreement, the Government has brought an action for money damages. Accordingly, § 2415(a) governs.

In further support of its argument that § 2451(a) does not apply, the Government points to Motorola Inc. v. West, 125 F.3d 1470 (Fed. Cir. 1997), in which the Federal Circuit held that § 2415(a) does not control claims under the Contract Disputes Act ("CDA"), 41U.S.C. § 601 et seq. 125 F.3d at 1472-73. Specifically, the court stated:

> By its terms, section 2415(a) applies only to an 'action for money
> damages brought by the United States.' . . . '[T]he challenged [CDA]

6

> action is not an 'action for money damages brought by the United States,' as expressly required by the statute.  Instead it is an administrative appeal by a contractor from a contracting officer's decision that the contractor owes the Government the amount of certain disallowed costs.'

Id. (citation omitted).

The Federal Circuit's holding in Motorola is not germane to this case. Whereas Motorola dealt with a contractor's appeal from a contracting officer's final decision, in this case the Government has sued a surety for the breach of a surety agreement.  A suit for breach of a surety agreement is not a CDA claim, and therefore such a claim does not have to be litigated according to the procedures established by the CDA.  See Seaboard Sur. Co., 817 F.2d at 963 (holding that CDA does not apply to claims against sureties by the Government).  The CDA recognizes only two types of claims:  those brought by the Government against a contractor and those brought by a contractor against the Government.  See 41 U.S.C. § 605.  The CDA defines a "contractor" as "a party to a Government contract other than the Government."  41 U.S.C. § 601(4).  Thus, for the contract to be governed by the CDA, the Government must be a party to the contract. Although the Government has the right to sue the surety as a third-party beneficiary, the Goverment is not itself a party to the surety agreement.  See Seaboard Surety Co., 817 F.2d at 963.  Accordingly, the CDA does not apply to

7

claims arising from the breach of a surety agreement.  See id.  Therefore, the

Government's claim against American States does not fall within any exception to

§ 2415(a) created by the CDA.

*B.   Application of § 2415(a)*

Having established that § 2415(a) applies to this action, we must next

determine whether the Government filed suit within the time limit specified in that

provision.  The statute grants the Government six years from the accrual of the

cause of action in which to sue.  In addition, an action may be brought within one

year of any administrative proceeding required by contract or law, even if six years

have passed since accrual of the cause of action.  28 U.S.C. § 2415(a); see United

States v. Kass, 740 F.2d 1493, 1496 (11th Cir. 1984).

"With respect to a claim arising from a bond, it is . . . well settled that the

date of accrual occurs at the time of the breach of the bond."  United States v.

Cocoa Berkau Inc., 990 F.2d 610, 614 (Fed. Cir. 1993).  Given the facts of this

case, the latest date on which the six-year limitations period began was July 20,

1992.  By that time, the Government had found SKI in default; SKI had exhausted

its appeals of that decision; the replacement contractor hired by the Government

had completed the work; and the Government had demanded $977,009.61 in

excess costs.  At that point, nothing more remained for the Government to do other

than sue. Rather than doing so, the Government waited more than six years to file suit.

The Government urges us to find that its cause of action did not accrue until the contracting officer made his final decision on July 26, 1995, citing Insurance Company of North America v. United States, 951 F.2d 1244 (Fed. Cir. 1991). Rather than supporting the Government's argument, the Federal Circuit's opinion in that case suggests that the Government's cause of action accrued well before the contracting officer made his final decision. In Insurance Company of North America, the court specifically noted that "[the surety's] obligation to the Government matured when [the contractor] breached its contract" and "[f]rom that point forward, the Government could properly demand payment on the bond." Id. at 1246. "The Government . . . bargained for someone to pay the bond amount, when due, without the need for recourse to the courts." Id. Thus, American State's obligation to fulfill the bond arose as soon as SKI breached its contract. Once American States announced that it would not honor that obligation, the Government had the right to sue for breach of contract.

The Government suggests, on the contrary, that the Supreme Court's decision in Crown Coat Front Co. v. United States, 386 U.S. 503 (1967) supports the notion that its cause of action did not accrue until the contracting officer made

9

his final decision.  In <u>Crown Coat</u>, the Supreme Court held that the six-year statute of limitations for actions against the United States contained in 28 U.S.C. § 2401(a)[3] does not begin to run until the termination of administrative proceedings. <u>Id.</u> at 513.  Nevertheless, we rejected the extension of this holding to § 2415(a) in <u>United States v. Kass</u>, 740 F.2d 1493 (11th Cir. 1984).  In <u>Kass</u>, we recognized that unlike the statute of limitations at issue in <u>Crown Coat</u>, § 2415(a) specifically accounts for administrative delay by giving the Government one year from such a decision in which to file suit.  <u>Id.</u> at 1498.  We concluded that beginning the six-year statute of limitations from termination of administrative proceedings, "effectively read[s] the one-year prong out of [§ 2415(a)]" in contravention of "explicit" congressional intent.  <u>Id.</u>

The Government attempts to distinguish <u>Kass</u> by pointing to its contract with SKI and to the CDA, both of which the Government argues require a contracting officer's final decision before the Government may sue a surety.  American States responds that neither the disputes clause of the construction contract nor the CDA applies to Government claims against a performance bond.  Regardless of whether

---

[3]28 U.S.C. § 2401(a) provides:

Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

10

the CDA or the construction contract requires a contracting officer's final decision, § 2415(a) mandates that the Government sue within one year of any final decision "in [any] applicable administrative proceedings required by contract or by law." 28 U.S.C. § 2415(a). The statute thus makes allowances for situations in which the Government must go through administrative proceedings before filing suit. Allowing the Government six years from a final decision in which to sue would render this one-year provision meaningless. See Kass, 740 F.2d at 1498.

The legislative history of § 2415(a) also supports the conclusion that the one-year prong applies in cases in which the Government must await an administrative decision before suing. The report of the Senate Committee on the Judiciary states:

> In all such contract matters, the action would be barred unless it were brought by the Government within 6 years after the right of action accrues, or within 1 year after a final decision in a required administrative proceeding, whichever is later. This last provision, which has the effect of tolling the running of the statute of limitations during mandatory administrative proceedings, is necessary because of the great number and variety of such proceedings made possible by current statutes. An administrative proceeding ordinarily consumes a considerable period of time and, as has been noted, *the bill would permit the Government a year after the final administrative decision in which to present its case for judicial determination. An example of such an administrative proceeding are those which involve appeals under the 'disputes' clause of Government contracts.*

11

S. Rep. No. 89-1328, reprinted in 1966 U.S.C.C.A.N. 2502, 2504 (emphasis added). Thus, Congress recognized that in certain circumstances the Government would be required to await the conclusion of administrative proceedings before suing, and provided for that delay by including the one-year provision. Awaiting the end of administrative proceedings to begin the six-year statute of limitations would undermine this statutory scheme.

## III.  CONCLUSION

Because the Government waited more than six years from the accrual of its cause of action and more than one year from the termination of the administrative proceeding, § 2415(a) bars its lawsuit against American States. Accordingly, we reverse the district court's entry of summary judgment in favor of the Government, and we remand with instructions that judgment be entered for American States.

REVERSED and REMANDED.