[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2005
THOMAS K. KAHN
CLERK

No. 05-11275
Non-Argument Calendar
_____

D. C. Docket No. 04-02415-CV-RLV-1

EMMETT L. WILLIAMS, SGT.,

Plaintiff-Appellant,

versus

THE STATE OF GEORGIA DEPT. OF DEFENSE
NATIONAL GUARD HEADQUARTERS,
under Maj. Gen. David Poythress,
ED CHAMBERLAIN, individually and in his Official and Full
Capacity As the DOD Personnel Director,
SANDRA BRUCE, individually and in her Official and Full
Capacity As the DOD Personnel Manager,
RAYMOND FAUNT, CPT., individually and in his Full
Capacity as the DOD Military Support Security Manager
and the Plaintiff's Immediate Supervisor over
Civilian Departmental Section of the State of
Georgia's DOD Facility Police,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 31, 2005)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Emmett L. Williams, proceeding pro se, appeals the district court's dismissal of his employment discrimination action, which he filed against the State of Georgia Department of Defense National Guard Headquarters and several of its employees, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The district court dismissed the action based on Williams's failure to file his complaint within the limitations period of 42 U.S.C. § 2000e-5(f)(1). We review de novo a district court's interpretation and application of a statute of limitations. See United States v. Am. States Ins. Co., 252 F.3d 1268, 1270 (11th Cir. 2001); Harrison v. Digital Health Plan, 183 F.3d 1235, 1238 (11th Cir. 1999).

After thorough review of the record and careful consideration of the parties' briefs, we find no reversible error and affirm.

The relevant procedural history is straightforward. In his complaint, Williams stated that he filed his racial discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on September 10, 2001 and received his right-to-sue letter on May 18, 2002. On August 8, 2002, Williams filed a complaint, alleging violations of Title VII, in the district court. However, he voluntarily dismissed that action without prejudice. Over two years later, on

August 19, 2004, Williams filed the instant complaint, again alleging Title VII violations. The district court dismissed the case as untimely.

A civil action under Title VII must be filed in the district court within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1). The limitations period commences upon the claimant's receipt of the right-to-sue letter. Stallworth v. Wells Fargo Armored Servs. Corp., 936 F.2d 522, 524 (11th Cir. 1991); Norris v. Florida Dept. of Health & Rehab. Servs., 730 F.2d 682 (11th Cir. 1984). Here, based on the facts alleged in the instant complaint, which include that Williams received the EEOC's right-to-sue letter on May 18, 2002, it is clear that he did not file this complaint within 90 days of receiving the EEOC's letter.

Williams argues that dismissal of the present action was inappropriate because, in connection with the 2002 case, his former attorney, Charles Best, failed to properly serve the Defendants and conspired with the Defendants by selling to them the filing papers that were going to be served. In his brief, he also generally alleges that the dismissal of his action violates various constitutional principles and statutes, including Title VII.

Construing Williams's arguments liberally, we note that his brief could be read as asserting that Best's conduct warranted equitable tolling of the limitations

3

period.[1]  The burden is on the plaintiff to show that he is entitled to the extraordinary remedy of equitable tolling.  See Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir. 1993).  We have held that attorney error, alone, is insufficient to toll the running of the statute of limitations.  Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (citing Sandvik v. United States, 277 F.3d 1269, 1270 (11th Cir. 1999)).  Moreover, we have declined to apply equitable tolling after a timely-filed complaint was dismissed without prejudice and a subsequent complaint was filed beyond the limitations period.  See Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2003); see also United States v. Justice, 6 F.3d 1474, 1478-79 (11th Cir. 1993) (stating general rule that filing of lawsuit later dismissed without prejudice does not automatically toll the statute of limitations); Stein v. Reynolds Secs., Inc., 667 F.2d 33, 34 (11th Cir. 1982) ("[t]he fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations).

On this record, Williams neither filed his complaint within the applicable 90-day limitations period nor has he met his burden to show entitlement to

---

[1]  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed"); cf. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990) ("In the case of a pro se action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers.").

equitable tolling. Accordingly, we affirm the district court's dismissal of Williams's complaint.

**AFFIRMED.**