[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2005
THOMAS K. KAHN
CLERK

Nos. 04-15564 & 05-10855
Non-Argument Calendar

_____

D. C. Docket No. 03-03386-CV-JEC-1

INYANG PETER ODUOK,

Plaintiff-Appellant,

versus

SEAN PHILLIPS, Individually and In his official
Capacity,
DEKALB POLICE DEPARTMENT,
DEKALB DEPARTMENT OF PUBLIC SAFETY,
BOBBY BURGESS,
EDDIE MOODY, et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(November 18, 2005)

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Inyang Peter Oduok, proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 civil rights suit against Sean Phillips, individually and in his official capacity as a DeKalb County police officer; the DeKalb County Police Department; the DeKalb County Department of Public Safety; Vernon Jones, individually and in his official capacity as chief executive officer of DeKalb County; Bobby Burgess, individually and in his official capacity; Eddie Moody, individually and in his official capacity as chief of the DeKalb County Police Department; and John Does 1-3 (collectively, "Defendants"). On appeal, Oduok challenges (1) the district court's dismissal based on the statute of limitations, (2) the district court's dismissal of Phillips based on res judicata, and (3) the district court's dismissal of Moody based on collateral estoppel.[1] After thorough review, we affirm.

---

[1] We find no abuse of discretion in the district court's denial of Oduok's motion for recusal. Cf. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004) (reviewing district judge's decision on motion to recuse for abuse of discretion). We likewise find no error in the district court's denial of Oduok's motion to remand. Simply put, remand was not warranted because Oduok stated federal claims based on 42 U.S.C. § 1983 and, accordingly, the district court had original jurisdiction over the action. See 28 U.S.C. §§ 1441(b) and 1446(b). We decline to consider Oduok's other arguments as they are raised for the first time on appeal and they do not fall within any of the exceptions we have recognized to the rule that we will not consider issues not raised in the district court first. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331-32 (11th Cir. 2004).

First, Oduok challenges the district court's dismissal of his complaint based on the statute of limitations. He argues that the limitations period was tolled during the pendency of an action he filed in 2000 against Phillips individually and certain Cobb County officers and entities, and that the instant action relates back to the 2000 action, which was dismissed by the district court. He asserts that the Defendants are estopped from arguing the statute of limitations as a defense because they participated in the 2000 action.

We review a district court's dismissal under Rule 12(b)(6) for failure to state a claim de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). Our review of a district court's interpretation and application of a statute of limitations is also de novo. See United States v. American States Ins. Co., 252 F.3d 1268, 1270 (11th Cir. 2001).

"Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983[.]" Uboh v. Reno,

3

141 F.3d 1000, 1002 (11th Cir. 1998). "A statute of limitations begins to run when the cause of action accrues. The question of when the limitations period begins to run, however, is one of federal law." Id. (citation omitted). "[T]he statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir. 1996) (quotation marks omitted).

The statute of limitations for personal injury actions in Georgia is two years. See O.C.G.A. § 9-3-33. The Georgia renewal statute provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

O.C.G.A. § 9-2-61(a) (emphasis added). Federal Rule of Civil Procedure 15(c) provides:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

4

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003). "[A]n untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding" and "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Id.

Here, the district court did not err by granting the Defendants' 12(b)(6) motion to dismiss based on the statute of limitations. Oduok's cause of action accrued on August 28, 1998, when he was injured while being arrested. He filed the instant action in state court over five years later, on October 6, 2003, which was

beyond Georgia's applicable two-year limitations period. Neither the Georgia renewal statute nor the relation back doctrine renders Oduok's complaint timely. Simply put, by its plain terms, the Georgia renewal statute does not apply because the federal claims in Oduok's 2000 action were dismissed on the merits <u>by the district court</u>, not Oduok as O.C.G.A. § 9-2-61(a) requires. Moreover, Oduok's instant complaint, which was filed in state court over three years after the dismissal of the 2000 action and which names entirely different defendants, does not meet the requirements of Rule 15(c).[2] Therefore, the district court did not err by granting the Defendants' motion to dismiss based on the statute of limitations.[3]

**AFFIRMED.**

---

[2] We are unpersuaded by Oduok's additional argument -- that the 2000 action equitably tolled the statute of limitations -- because he has not demonstrated extraordinary circumstances beyond his control and avoidable even with diligence. See <u>Cabello v. Fernandez-Larios</u>, 402 F.3d 1148, 1155 (11th Cir. 2005) ("Equitable tolling is appropriate only in 'extraordinary circumstances' that are both beyond the plaintiff's control and unavoidable even with diligence." (internal quotation marks omitted)). We observe that Odouk has demonstrated no basis, let alone extraordinary circumstances, to explain why he could not have brought the instant claims against the Defendants in the 2000 action.

[3] Because we find the instant action barred by the statute of limitations, we need not, and do not, reach the district court's alternate grounds for dismissing Oduok's claims against Defendant Phillips as precluded by <u>res judicata</u> and against Defendant Moody as precluded by collateral estoppel.