[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13687
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cv-80525-KAM

PATRICIA ABRAM-ADAMS,

Plaintiff - Appellant,

versus

CITIGROUP, INC.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 16, 2012)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Patricia Abram-Adams, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of her complaint against her former employer, Citigroup, Inc. (Citigroup). The district court dismissed the complaint as untimely and therefore frivolous under 28 U.S.C. § 1915(e)(2)(B). At issue on appeal is whether Abram-Adams's complaint was timely. After reviewing the record and briefs, we affirm.

## I.    Background

This appeal is best understood within the context of its winding procedural history. Abram-Adams's claims arise from: (1) her employment with Citigroup in 2003–04; and (2) an arbitrator's dismissal of her discrimination complaints against Citigroup in March 2007. Citigroup terminated Abram-Adams's employment in March 2004, and Abram-Adams in turn filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC). The EEOC dismissed Abram-Adams's charge and issued her a "right-to-sue" letter on September 30, 2004. Following the dismissal, Abram-Adams brought a state-court civil action against Citigroup that resulted in arbitration, pursuant to the arbitration clause in her Citigroup employment contract. The arbitrator dismissed Abram-Adams's claims with prejudice on March 31, 2007.

Two years later, Abram-Adams filed a complaint in the United States District Court for the Southern District of Florida. On March 19, 2010, the district

2

court dismissed Abram-Adams's 343-page complaint under Federal Rule of Civil Procedure 8.  In the dismissal, the district court gave Abram-Adams until April 9, 2010, to file an amended complaint.  Having received no amended complaint by that date, the court entered an order dismissing the complaint without prejudice on April 13, 2010.  Abram Adams filed her amended complaint one year later, which the district court promptly dismissed *sua sponte*.  The court advised Abram-Adams that if she wished to pursue her claims against Citigroup, she would have to initiate a new civil action since the time to amend her complaint had expired.  And so, on May 9, 2011, Abram-Adams filed the second civil action that forms the basis for this appeal.

Abram-Adams's original complaint alleged: (1) discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; (2) discrimination under the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1983, and 1985; (3) discrimination under the Florida Civil Rights Act, Fla. Stat. §§ 760.01 and 760.07; and (4) assault and negligence under Florida common law.[1]  The district court

---

[1] Abram-Adams also alleged that Citigroup violated 18 U.S.C. § 245, but that law is a criminal statute, which prohibits violent assaults motivated by racial animus and interference with federally protected rights.  *See* 18 U.S.C. § 245.  Section 245 (a)(1) explicitly reserves the right of prosecution to government officials:

> No prosecution of any offense described in this section shall be undertaken by the United States except upon the certification in writing of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any Assistant

dismissed with prejudice Abram-Adams's new complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief could be granted. Specifically, the court ruled that all of Abram-Adams's claims stemming from her employment or the arbitration were time-barred.

## II.    Standard of Review

We review *de novo* a dismissal under 28 U.S.C. § 1915(e)(2)(B), taking the allegations in the complaint as true. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003)). "The standards governing dismissals under [Federal Rule of Civil Procedure] 12(b)(6) apply to § 1915(e)(2)(B)." *Id.* (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Further, *pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers, and they are to be construed liberally. *Id.* (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)).

## III.   Analysis

We agree with the district court that Abram-Adams's claims were time-

---

Attorney General specially designated by the Attorney General that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

*Id.* at § 245(a)(1); *see also Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003) ("The district court correctly dismissed plaintiff's claims under 18 U.S.C. § 241 and § 245, for failure to state a claim, because the criminal statutes do not provide for civil causes of action.").

barred.  Generally, "a court looks to state law to define the time limitation applicable to a federal claim only when Congress has failed to provide a statute of limitations for a federal cause of action."  *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001) (internal quotation marks omitted) (citing *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355, 111 S. Ct. 2773, 2778 (1991) ("It is the usual rule that when Congress has failed to provide a statute of limitations for a federal cause of action, a court borrows or absorbs the local time limitation most analogous to the case at hand." (internal quotation marks omitted))).

In Abram-Adams's case, all of her tort and employment discrimination claims accrued on March 25, 2004, the date of her termination.  Her other claims accrued on March 31, 2007, the day the arbitrator dismissed her case.  In both cases, more than four years had passed when she filed her second complaint on May 9, 2011.  None of Abram-Adams's claims survive their respective statutes of limitations: (1) Title VII claims—within 90 days after receipt of the EEOC "right-to-sue" letter, *see* 42 U.S.C. § 2000e-5(f)(1); (2) 42 U.S.C. §§ 1981, 1983, and 1985 claims—four-year statute of limitations in Florida, *see Chappel v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam) (statute of limitations for §§ 1983 and 1985 claims); *Baker v. Gulf & W. Indus., Inc.*, 850 F.2d 1480, 1481 (11th Cir.

5

1988) (statute of limitations for § 1981 claims); (3) Florida Civil Rights Act claims—four-year statute of limitations, *see Seale v. EMSA Corr. Care, Inc.*, 767 So. 2d 1188, 1189 (Fla. 2000); and (4) assault and negligence claims—four-year statute of limitations, *see* Fla. Stat. § 95.11(3).

On appeal, Abram-Adams argues that the doctrines of relation-back and "flexibility" should have saved her complaint from being dismissed as untimely. She also argues that the district court erred by failing to review her application to proceed *in forma pauperis*. Lastly, Abram-Adams argues that she was entitled to move through the "four stages" of a lawsuit and collect damages. We find these arguments unpersuasive.

First, the relation-back doctrine does not rescue her untimely complaint. In limited circumstances, Federal Rule of Civil Procedure 15(c) permits amendments to pleadings that "relate back" to the date of the original pleading. But none of Rule 15(c)'s circumstances apply here, because the complaint in question did not "relate back" to an original pleading; it is itself the original. To illustrate, in *Dade County v. Rohr Industries, Inc.*, 826 F.2d 983, 989 (11th Cir. 1987), this court held that a re-filed complaint could not "relate back" and revive a dismissed complaint. *Id.* at 989. The second complaint in *Dade* was filed after the statute of limitations had expired, and the earlier dismissal had "the effect of placing the parties in a

6

position as if the suit had never been filed." *Id.* Thus, the claims had become time-barred. *See id.* ("Even if we applied the five year statute of limitations, Dade County's suit would still be time-barred."). Likewise, the district court's dismissal of Abram-Adams's complaint on April 13, 2010, for failure to timely amend placed both parties in a position as if the suit had never been filed.[2] Thus, Abram-Adams's complaints have also become time-barred.

Even construing this argument liberally, Abram-Adams's appeal fails. If the "flexibility" that Abram-Adams seeks is an equitable tolling of her claims' limitation periods, her search is a futile one. "Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal quotation marks omitted)). The plaintiff must establish that tolling is warranted. *Id.* (citing *Justice*, 6 F.3d at 1479). Equitable tolling is not appropriate when a plaintiff fails to act with due diligence or is negligent. *See id.*; *see also Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (noting that equitable tolling is only appropriate when an untimely filing is due to "*extraordinary circumstances* that are both beyond his control and

---

[2] We note that a district court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009); *see also* Fed. R. Civ. P. 41(b).

7

unavoidable even with diligence" (emphasis in original) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam))).

Abram-Adams's claims are not entitled to equitable tolling because she offers this court no extraordinary circumstance to justify the commensurably extraordinary remedy.  Nor did her initial 343-page complaint toll the limitations period. We have previously held that an imperfect complaint will not toll the period of limitations for a new complaint.  In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982), the appellant contended that his initial suit tolled the period of limitations, despite the fact that the district court dismissed the action without prejudice for failure to prosecute.  *Id.* at 33.  We disagreed, holding that a dismissal without prejudice for failure to prosecute did not toll the period of limitations.  *Id.* at 34; *see also Williams v. Ga. Dep't of Def. Nat'l Guard Headquarters*, 147 Fed. App'x 134, 136 (11th Cir. 2005) (per curiam); *Justice*, 6 F.3d at 1483.

In the same way, we see no reason—and Abram-Adams offers none—to rule differently in this case.  The initial complaint was dismissed after Abram-Adams attempted to amend her complaint nearly one year after the district court's explicit deadline.  We are unaware of any extraordinary circumstance for Abram-Adams's failure to file her complaint within the limitation periods.  Put simply,

8

Abram-Adams did not give herself the diligence she was due; she was negligent, and has no place to point the finger of blame other than toward herself. *See, e.g.*, *Bost*, 372 F.3d at 1242 (holding that "[e]quitable tolling is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence" (citing *Justice*, 6 F.3d at 1479 (11th Cir. 1993))).

Finally, because the district court correctly dismissed Abram-Adams's complaint as time-barred, her motion for *in forma pauperis* status was moot, and the district court did not err by denying it. Nor did the district court err when it refused to award her damages.

For the foregoing reasons, we affirm.

**AFFIRMED**.