# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2013

No. 12-30629
Summary Calendar

Lyle W. Cayce
Clerk

EARTON LYNN SMITH,

Plaintiff-Appellant

v.

KEVIN HUMPHREY; SHANE MCWILLIAMS; RICHARD MCGEE; MATHEW HANNAH; JOHN MORTON; RICHARD NUNNERY; BRAD KALMBACH, erroneously identified as George Kalmbach; JOHN DOE #1; JOHN DOE #2,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CV-1070

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Earton Lynn Smith, Louisiana prisoner # 305982, appeals the district court's dismissal of his complaint, alleging claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as Louisiana law. The district court determined that Smith's claims were untimely and granted the defendants' motion for summary judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith's federal and state law claims involved incidents that occurred on March 15, 2006, March 21, 2006, and July 29, 2006.  In this court, Smith does not challenge the district court's dismissal of his claims relating to the March 15, 2006 and July 29, 2006 incidents.  Accordingly, Smith has abandoned any such challenges, and this court need not address these issues.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review a district court's grant of summary judgment de novo and apply the same legal standard that the district court applied.  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).  Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A district court's determination that a claim is time barred is also reviewed de novo.  *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005).

Section 1986 sets forth a one-year limitations period. § 1986.  The statutes of limitations for § 1983 and § 1985 claims are the same as the statute of limitations in a personal injury action in the state in which the cause of action arose.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Louisiana, the applicable prescriptive period is one year.  LA. CIV. CODE ANN. art. 3492.  "The accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."  *Wallace*, 549 U.S. at 388 (emphasis in original).  Generally, accrual occurs "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted).  A claim for false imprisonment accrues when the prisoner is detained pursuant to legal process, such as arraignment.  *See Wallace*, 549 U.S. at 391; *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008).  A state malicious prosecution claim accrues when the criminal proceeding ends in a bona fide termination in favor of the plaintiff.  *See*

*Castellano v. Fragozo*, 352 F.3d 939, 952 & n.71, 959-60 (5th Cir. 2003); *Brummett v. Camble*, 946 F.2d 1178, 1183-84 (5th Cir. 1991).

The record reflects that the facts underlying Smith's federal claims occurred in 2006. Therefore, the one-year limitations period for these claims expired prior to the filing of Smith's complaint in June 2010. *Piotrowski*, 237 F.3d at 576. Smith's state false arrest and false imprisonment claims accrued, at the latest, on February 27, 2007, when Smith waived arraignment and pleaded not guilty. Thus, the statute of limitations on these claims also expired before Smith filed his complaint in June 2010. *See Wallace*, 549 U.S. at 391; *Mapes*, 541 F.3d at 584.

Finally, as for Smith's malicious prosecution claims, the termination of the criminal proceedings for the March 21, 2006 incident was not a bona fide termination in favor of Smith. *See Castellano*, 352 F.3d at 952 & n.71, 959-60; *Brummett*, 946 F.2d at 1183-84; *Savoie v. Rubin*, 820 So. 2d 486, 488-89 (La. 2002); *see also Lifecare Hosps., Inc. v. Health Plus, Inc.*, 418 F.3d 436, 439 (5th Cir 2005) (stating that this court may affirm summary judgment on any grounds supported by the record). Accordingly, the district court did not err in granting the defendants' motion for summary judgment and dismissing Smith's claims.

AFFIRMED.