Ruth HOMADAY, f/k/a Ruth Marsar, individually and as Personal Representative of the Estate of Joseph Richard Marsar, Jr., Plaintiff,

v.

SMITH AND NEPHEW, INC. and Sterling Medical Services, Inc., Defendants.

Case No. 8:13–cv–1244–T–27TGW.

United States District Court, M.D. Florida, Tampa Division.

Jan. 7, 2014.

Bonita Herrmann Navin, Jordan Matthew Lewis, Kelley Uustal, PLC, Ft. Lauderdale, FL, for Plaintiff.

Edward W. Gerecke, David J. Walz, Carlton Fields, PA, Tampa, FL, for Defendants.

## *ORDER*

JAMES D. WHITTEMORE, District Judge.

**BEFORE THE COURT** is Defendants Smith & Nephew, Inc. and Sterling Medical Services, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 51), in which Defendants contend that Plaintiff's wrongful death claims are barred by the two-year statute of limitations. Plaintiff has responded (Dkt. 52). Upon consideration, the motion (Dkt. 51) is DENIED.

### PROCEDURAL HISTORY

Plaintiff filed this action in state court on March 18, 2013 alleging that her husband, Joseph Marsar Jr.'s, injuries and death were caused by defective wound dressing products. (Dkt. 2). Defendants removed the case to federal court.[1] On May 30, 2013, Plaintiff's Amended Complaint was dismissed without prejudice based on "pleading and substantive defi-

ciencies" and Plaintiff was granted leave to amend. (Dkt. 22). Plaintiff filed a Second Amended Complaint. (Dkt. 23). Defendants Eric Haertle and Donna Petroff moved to dismiss (Dkt. 30). Defendant Sterling Medical Services, Inc. likewise moved to dismiss (Dkt. 33). Plaintiff did not respond to either motion. On August 13, 2013, both motions were granted (Dkts. 44, 45). The orders instructed Plaintiff to attach a proposed amended complaint to any motion seeking leave to amend, if she wished to file a Third Amended Complaint. (Dkt. 44 at 5; Dkt. 45 at 5). The case was administratively closed pending a motion by Plaintiff to reopen the case. (Dkt. 45).

On August 27, 2013, Plaintiff filed a motion to reopen the case and for leave to file a Third Amended Complaint. (Dkt. 46). She also requested that the Third Amended Complaint relate back to the original complaint. Defendants did not oppose the motion, but preserved all defenses raised by the motion and the proposed Third Amended Complaint. (Dkt. 47). Plaintiff was granted leave to file a Third Amended Complaint, but her request it relate back to the original version was denied (Dkt. 48).

Defendants move to dismiss the Third Amended Complaint, contending that it is time-barred by the two-year statute of limitations for wrongful death actions. While recognizing that Plaintiff filed her original complaint within two years of Joseph Marsar, Jr.'s death, they argue that the dismissal of Plaintiff's Second Amended Complaint did not toll the statute of limitations and her wrongful death claims are therefore untimely. Plaintiff argues in opposition that her wrongful death claims in her Third Amended Complaint are a continuation of the lawsuit filed on March 18, 2013

---

1. Plaintiff filed an Amended Complaint in state court on April 18, 2013. (Dkt. 3; Dkt. 1–  1).

and relate back to the original complaint. Plaintiff also contends that her Third Amended Complaint alleges survival claims which are not time-barred by the applicable four-year statute of limitations, regardless of the timeliness of the wrongful death claims.

### STANDARD

■ Dismissal under Federal Rule of Civil Procedure 12(b)(6) "on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 (11th Cir.2005) (quoting *La Grasta v. First Union Secs., Inc.,* 358 F.3d 840, 845 (11th Cir.2004)).

### *Plaintiff's Wrongful Death Claims*

The statute of limitations for a wrongful death action in Florida is two years and runs from the date of death. Fla. Stat. § 95.11(4)(d); *Fulton Cnty. Adm'r v. Sullivan,* 753 So.2d 549, 552 (Fla.1999) ("In Florida, a cause of action for wrongful death accrues on the date of death . . . and has a two-year statute of limitations period."). The Third Amended Complaint alleges that the decedent died on April 28, 2011. (Dkt. 49, ¶¶ 4, 21, 24). Therefore, the two-year statute of limitations for a wrongful death action expired on April 28, 2013 and the Third Amended Complaint, filed on September 17, 2013, is time-barred unless it relates back to the original Complaint or the statute of limitations has been tolled.

Defendants frame the issue of whether Plaintiff's wrongful death claim is timely as a tolling question and argue that the Third Amended Complaint "is a new complaint subject to the Eleventh Circuit cases holding complaints untimely after previous dismissals." (Dkt. 51 at 10). Plaintiff argues that the Third Amended Complaint relates back to the original version, and therefore, is timely.

■ The Eleventh Circuit recognizes that "the filing of a complaint that is later dismissed without prejudice does not automatically toll the limitations period for a future complaint." *Miller v. Georgia,* 223 Fed.Appx. 842, 845 (11th Cir.2007) (citing *Bost v. Fed. Express Corp.,* 372 F.3d 1233, 1242 (11th Cir.2004)); *see also Justice v. United States,* 6 F.3d 1474, 1479 (11th Cir.1993); *Stein v. Reynolds Secs., Inc.,* 667 F.2d 33, 34 (11th Cir.1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."). The Eleventh Circuit has also held that the relation back doctrine does not apply to the filing of a new complaint when the original action was dismissed. *See Abram–Adams v. Citigroup, Inc.,* 491 Fed.Appx. 972, 975 (11th Cir.2012); *Dade Cnty. v. Rohr Indus., Inc.,* 826 F.2d 983, 989 (11th Cir. 1987).

■ Plaintiff's Second Amended Complaint was dismissed on motions and the case was administratively closed. (Dkt. 45). Although Plaintiff was not granted leave to amend, she was provided the opportunity to file a motion to reopen the case and for leave to file a third amended complaint. (*Id.* at 5). No deadline to file the motion was imposed. Two weeks later, Plaintiff filed her motion seeking to reopen the case and for leave to amend, attaching the proposed Third Amended Complaint. (Dkt. 46). The motion was granted and Plaintiff filed her Third Amended Complaint on September 17, 2013. (Dkt. 49).

These facts are distinguishable from the four cases relied on by Defendants. In each of those cases, the case was dismissed and the plaintiffs' attempts to file a new case outside the statute of limitations were

found to be untimely. In *Rohr,* the case was dismissed for failure to timely file a pretrial stipulation and the plaintiff re-filed the case, which was reassigned to the same district judge. 826 F.2d at 987 n. 4. In *Abram–Adams,* the case was dismissed for failure to timely file an amended complaint and the plaintiff filed a second action. 491 Fed.Appx. at 974. In *Justice,* the case was dismissed for failure to prosecute and failure to comply with court orders. The plaintiff filed a new action. 6 F.3d at 1477. In *Stein,* the first case was dismissed and the plaintiff's subsequent suit was found to be untimely. 667 F.2d at 33–34.

Here, although the Second Amended Complaint was dismissed, the case was not terminated. It was administratively closed, an internal procedure used when cases do not require active judicial attention. The closure did not end the case. The filing of the Third Amended Complaint did not commence a new suit. Moreover, the order of dismissal contemplated the filing of a motion to reopen and for leave to amend. And Plaintiff was ultimately granted leave to file the Third Amended Complaint. Accordingly, the filing of the Third Amended Complaint is a continuation of the original action.

### Relation Back

The Third Amended Complaint will relate back if the amendment "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed.R.Civ.P. 15(c)(1)(B). The original Complaint (Dkt. 2), as well as each iteration thereafter, contained a strict liability count against all Defendants, arising out of the same alleged manufacturing defects, contaminated "alcohol pads/swabs," that allegedly caused the decedent's injuries and death. (*See* Dkt. 2, ¶¶ 1, 4, 30, 53, 151–61; Dkt. 3, ¶¶ 1, 4, 30, 53, 151–58; Dkt. 23 ¶¶ 23, 1, 28, 48, 160–70). Plaintiff's Third Amended Complaint alleges two counts of strict liability

for the same alleged manufacturing defects and seeks damages for the same injuries and death of the decedent. (*See* Dkt. 49, ¶¶ 21–23, 30–35; *also* Dkt. 52 at 10–14 (comparison chart of allegations)). These claims therefore arose out of the same conduct set out in the original complaint filed on March 18, 2013. Plaintiff's first three complaints may have been deficient pleadings, but each time she attempted to set out claims arising from the same allegedly defective wound dressing products that she contends caused her husband's injuries and death. Therefore, the Third Amended Complaint relates back to the March 18, 2013 complaint. Plaintiff's wrongful death claims are therefore not barred by the two-year statute of limitations.

### Plaintiff's Survival Claims

An individual's claims for personal injuries not causing death survive the decedent's death and may be prosecuted by the personal representative as a survival claim, which is a distinct cause of action from a wrongful death claim. *See* Fla. Stat. § 46.021 ("No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law."); *Capone v. Philip Morris USA, Inc.,* 116 So.3d 363, 377 (Fla.2013); *Martin v. United Sec. Servs., Inc.,* 314 So.2d 765, 770 n. 18 (Fla.1975); *Niemi v. Brown & Williamson Tobacco Corp.,* 862 So.2d 31, 34 (Fla. 2d DCA 2003); *Smith v. Lusk,* 356 So.2d 1309, 1311 (Fla. 2d DCA 1978). However, when a personal injury results in a decedent's death, the personal injury action abates. *See* Fla. Stat. § 768.19 ("When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate...."). The two distinct claims may be brought together or alternatively. *See Capone,* 116 So.3d at 377 ("When an in-

jured plaintiff in a personal injury action dies, it is both necessary and proper for the personal representative of the decedent's estate to be named a party in the pending action so that a survival damages claim, a wrongful death claim, or both, may continue to be pursued against an alleged tortfeasor.")

Plaintiff asserts that she has alleged survival claims in the Third Amended Complaint for the decedent's injuries, subject to a four-year statute of limitations. *See* Fla. Stat. § 95.11(3)(a), (e), (j) (setting four-year limitations periods for negligence, product liability, and fraud). Plaintiff's Complaint includes two counts: (1) Product Liability Against Smith & Nephew for Manufacturing Defect and (2) Product Liability Against Sterling Medical for Manufacturing Defect. (Dkt. 49 at 7–8). Plaintiff contends that she has alleged both wrongful death and survival claims in these two counts. Although the Third Amended Complaint does not expressly mention a survival claim, the allegations are sufficient to state one.

■ As discussed, Plaintiff's claims arise out of the injuries and death of the decedent resulting from complications from the use of various wound dressing products following heart bypass surgery.[2] In summary, Plaintiff alleges that the decedent developed a number of infections and medical complications following his use of these products. (Dkt. 49, ¶¶ 21–23). The decedent's complications included two amputations and a number of bacterial infections. (*Id.*, ¶ 22). The bacterial infections "contributed to and/or caused the decedent's death." (*Id.*, ¶ 4). In each count, Plaintiff alleges that "[t]he defective products caused *injury* to [the decedent]." (*Id.*, ¶ 36, 35 (emphasis added)). Plaintiff

claims damages for "the *injuries* and damage sustained and subsequent *death* of Joseph Marsar." (*Id.* at 9 (emphasis added)).

These allegations state plausible survival claims for the decedent's personal injuries that did not cause his death. According to the allegations in the Third Amended Complaint, the earliest a personal injury claim, and thus a survival claim, could have accrued was July 26, 2010, the first date the decedent was exposed to the products. (*See id.*, ¶ 20). Therefore, it cannot be said from the face of the Third Amended Complaint that the survival claims are time-barred.

Accordingly, Defendants Smith & Nephew, Inc. and Sterling Medical Services, Inc.'s Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. 51) is **DENIED.** Defendants shall answer the Third Amended Complaint within fourteen (14) days of this Order.

---

2.  Plaintiff alleges that the decedent used Universal Adhesive Remover Wipes, UNISOLVE Adhesive Remover Wipes, SKIN–PREP Protective Wipes and NO–STING SKIN–PREP Protective Wipes, which were allegedly "manufactured by Triad under its contract with Smith & Nephew and distributed to Marsar by Sterling Medical." (Dkt. 49, ¶ 21).