# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30317
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2014

Lyle W. Cayce
Clerk

CATHERINE HOOVER,

      Plaintiff - Appellant

v.

SOS STAFFING SERVICES, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:13-CV-3256

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Catherine Hoover appeals the district court's dismissal of claims brought under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and Louisiana state law. For the reasons stated herein, we affirm the district court's dismissal.

On December 18, 2013, Hoover filed the instant action against her former employer SOS Staffing Services, Incorporated ("SOS") alleging the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30317

deprivation of constitutional rights and privileges pursuant to § 1983, a conspiracy to deprive her of equal protection of the laws under § 1985, and the intentional infliction of emotional distress under Louisiana state law. Hoover's claims stemmed from the alleged unfair treatment, harassment, and discrimination she experienced primarily as a result of the behavior of her supervisor at SOS. In her complaint, Hoover does not allege that SOS committed any wrongdoing beyond the date of April 12, 2011. Hoover states that she filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 5, 2011. Hoover further asserts that on September 17, 2013, the EEOC dismissed her charges and issued a right-to-sue letter.[1]

The district court dismissed Hoover's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for several reasons including that all of Hoover's claims were subject to the one-year prescriptive period found in La. Civ. Code Ann. art. 3492. The district court concluded that Hoover was terminated on or around February 15, 2011, and therefore, had one-year from that date to file her claims. Because Hoover did not file her claims until nearly three years from the date of her termination, the district court found that her claims were untimely.

Hoover does not dispute that a one-year statute of limitations applies to her claims. *See Smith v. Humphrey*, 540 F. App'x 348, 349 (5th Cir. 2013) (explaining that the statute of limitations for § 1983 and § 1985 claims brought in Louisiana is one-year from the date the plaintiff becomes aware of her injury); *Rivers v. Zwolle*, No. 10-0578, 2011 WL 1103792, at *2 (W.D. La. Mar. 22, 2011) ("Claims for intentional infliction of emotional distress are also

---

[1] The record does not include documentation of Hoover's EEOC charge or her right-to-sue letter.

No. 14-30317

subject to a one-year prescriptive period."). However, Hoover contends that the time limitations for her claims should have been tolled during the time in which the EEOC investigated her claims of discrimination. Hoover therefore argues that her limitations period should have begun on September 17, 2013, the date her right-to-sue letter was issued. We do not agree.

While an EEOC right-to-sue letter would have started the limitations period for a Title VII claim, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002), Hoover has not alleged a Title VII violation.[2] The district court applied the appropriate limitations period to the claims that Hoover has stated in her complaint and correctly found that Hoover's claims were filed untimely.[3] *See Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 975 (11th Cir. 2012) (noting the differing statute of limitations that applies to a Title VII claim as opposed to § 1983 and § 1985 claims).

For these reasons, we AFFIRM the district court's dismissal of Hoover's claims.[4]

---

[2] Hoover's argument that an EEOC right-to-sue letter tolls the prescriptive period for her § 1983, § 1985, and state law claims is wholly unsupported.

[3] We observe that Hoover's claims are untimely even if we consider April 12, 2011 to be the date of her injury.

[4] Because we conclude that the untimeliness of Hoover's complaint warrants dismissal of her claims, we need not consider any additional arguments raised by Hoover in this appeal.